WAUSAU INSURANCE COMPANY, A WISCONSIN CORPORATION, APPELLANT, V. LARRY SCHAKE, DOING BUSINESS AS LARRY SCHAKE LIVESTOCK TRANSPORTATION, APPELLEE.

373 N.W.2d 669

Filed September 13, 1985. No. 84-277.

Arlen W. Langvardt of Jacobsen, Orr & Nelson, P.C., for appellant.

E. Dean Hascall of Hascall, Jungers & Garvey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal by Wausau Insurance Company (Wausau) concerning its workmen's compensation insurance policy issued to Larry Schake, doing business as Larry Schake Livestock Transportation. Wausau filed suit in the district court for Buffalo County, seeking judgment for an additional premium earned but not paid by Schake. The jury returned a verdict in favor of Schake.

Larry Schake owns and operates a livestock-hauling business known as Larry Schake Livestock Transportation. As part of the business, Schake owns one truck and several over-the-road trailers, has trucking permits from the appropriate agencies of several states, and has two sets of proration plates from the State of Nebraska. Schake paid one employee, Gene Maack, to drive Schake's one truck used to haul livestock.

However, the bulk of Schake's revenue (90 percent) comes from Schake's locating shipments and contacting truckowners. As one truckowner explained: "He's [Schake] just a dispatcher service. He lines up loads or calls shippers — different shippers and lines up loads of livestock and then he and I communicate together and if the rates [sic] good enough that I'll haul it there, I might rent a trailer from him and haul it." If a truckowner decides to make the haul, Schake charges 8 percent of the gross revenue for the referral. If the truckowner does not have a trailer, Schake will, for an additional 12 percent or a total of 20 percent of the gross revenue, lease or rent one of his trailers to a truckowner. After a truckowner delivers a shipment the shipper pays Schake the entire amount for the transportation. Schake then deducts the agreed percentage and remits the balance to the particular owner whose truck was used for hauling. Schake has never made any withholdings from the truckowners' checks for federal or state income tax, Social Security, or unemployment compensation. Also, Schake has never paid any truckowners' operating expenses and has no control over the truckowners' travel routes, number of stops, fuel, or equipment supplies. In fact, some of the truckowners have hired other drivers to haul loads arranged by Schake. Each of the truckowners has his own trucking permits. All but two of the truckowners have their own proration plates.

Wausau issued a workmen's compensation policy to Schake in 1980. The policy covered a period from March 1, 1980, until November 17, 1981. The policy provided Schake would pay an "estimated" premium which would be adjusted, depending upon the amount of Schake's payroll and each of his employee's classification. Schake paid an initial "estimated" premium of $2,331.

On September 22, 1981, an employee of Wausau conducted an audit of Schake's books and concluded that Schake owed an additional premium of $23,322. This premium was calculated on the basis that the truckowners were Schake's employees. Schake refused to pay the additional premium, and Wausau filed suit. At the close of Wausau's case and again at the conclusion of all the evidence, Schake moved for a directed verdict, arguing the truckowners, not being persons who might recover on a claim against Schake under the Nebraska Workmen's Compensation Act, should not be factors in calculating any premium for Schake's workmen's compensation coverage. The district court overruled Schake's motions and submitted the matter to a jury, which returned a verdict for Schake.

The parties filed a written stipulation in the district court and stated: "The truck driver classification is all that is involved in this dispute." In other words, the parties agreed that the real issue in this case is the answer to the question: Were the truckowners properly included by Wausau in calculating any additional premium due from Schake? Schake, on appeal, argues that these truckowners are independent contractors and, therefore, not includable. Wausau assigns as error that the jury verdict is clearly against the weight of the evidence.

An independent contractor is one who, in the course of an independent occupation or employment, undertakes work subject to the will or control of the person for whom the work is done only as to the result of the work and not as to the methods or means used. Such a person is not an employee within the meaning of the workmen's compensation statutes. *Schneider v. Village of Shickley*, 156 Neb. 683, 57 N.W.2d 527 (1953).

In *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 286 N.W.2d 420 (1979), we held as a matter of law, under facts

virtually identical with those in the case before us, an injured worker was an independent contractor and was not entitled to workmen's compensation benefits. See, also, *Eden v. Spaulding*, 218 Neb. 799, 359 N.W.2d 758 (1984).

The record before us establishes, as a matter of law, that the truckowners were independent contractors. Although the district court should have sustained Schake's motion for a directed verdict, the jury, nevertheless, returned a verdict favorable to Schake. We, therefore, affirm the judgment of the district court.

AFFIRMED.